UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
NEW YORK CITY DISTRICT COUNCIL OF :
CARPENTERS, :
: **SUMMARY ORDER ADOPTING**
: **REPORT AND RECOMMENDATION**
Petitioner, :
: 17-CV-4952 (DLI) (RER)
-against- :
:
MODIVATE FLOORING SYSTEMS, INC., :
:
Respondents. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

On August 22, 2017, New York City District of Carpenters ("Petitioner") commenced this action against Modivate Flooring Systems, Inc. ("Respondent") to confirm an arbitration award rendered in favor of Petitioner pursuant to a Collective Bargaining Agreement ("CBA") between Petitioner and Respondent. *See* Complaint, Dkt. Entry No. 1. Petitioner filed a motion for default judgment, or in the alternative, summary judgment ("Petitioner's Motion") on January 5, 2018. *See* Motion for Default Judgment, Dkt. Entry No. 9. The Court referred Petitioner's Motion to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for a Report and Recommendation ("R&R") on January 8, 2018. The R&R, issued on August 9, 2018, recommends granting Petitioner's motion for default judgment and awarding Petitioner damages in the amount of $6,338.38, plus post-judgment interest, but denying Petitioner's request that the judgment include Respondent's portion of the arbitrator's fees. *See* R&R, Dkt. Entry No. 14. Petitioner timely objected to the R&R. *See* Objection, Dkt. Entry. No. 15.

The Court incorporates herein the summary of facts as set forth in the magistrate judge's thorough R&R. *See* R&R at 1-2. Upon due consideration and review, Petitioner's objection is overruled and the R&R is adopted in full.

1

## STANDARD OF REVIEW

When a party objects to an R&R, a district judge must make a de novo determination as to those portions of the R&R to which a party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Petitioner's sole objection to the R&R is to the recommendation that Petitioner's request for Respondent's share of the arbitrator's fee be denied. *See* Objection at 2-4. Having received no objections to the other amounts recommended in the R&R, upon due consideration, they are adopted in full.

Petitioner requests that the default judgment include $500 for Respondent's portion of the arbitrator's fees, which the arbitrator ordered Respondent to pay. *See Id.* Petitioner's Motion did not include reference to any case law or reasoning why it is entitled to seek a judgment ordering, in part, Respondent to pay $500 to the arbitrator. *See generally,* Petitioner's Motion. Additionally, nothing in the portions of the CBA that have been provided to the Court entitles Petitioner to recover unpaid fees on behalf of the arbitrator. *See* Exhibits 4-7 to the Declaration in Support of Motion for Default Judgment, Dkt. Entry Nos. 10-4, 10-5, 10-6, and 10-7.

Petitioner's objection to the R&R seeks to distinguish the cases cited by the magistrate judge in the R&R. Specifically, Petitioner argues that, aside from *New York City District Council of Carpenters v. Trinity Phoenix Construction Corporation*, 2018 WL 1521862 (E.D.N.Y. Jan. 10, 2018), cited in the R&R, Petitioner has been awarded the payment of a Respondent's contractual portion of an arbitrator's fee in all cases brought by Petitioner in this district. *See* Objection at 2-3. Petitioner also contends that this case is distinguishable from *Korean Trade Insurance Corporation v. Eat It Corp.*, 2015 WL 1247053 (E.D.N.Y. Mar. 16, 2015), also cited in the R&R. *See* Objection at 3-4. Petitioner argues that, unlike in *Korean Trade Insurance Corporation*, the CBA provides a basis for including the arbitrator's fee in the arbitration award and the arbitrator clearly specified the total dollar amount of the fee in the award. However, Petitioner could have, but failed to raise arguments in his motion as to why it is entitled to collect Respondent's portion

of the arbitrator's fee. Because those arguments were not presented to the magistrate judge in the first instance, the Court will not consider them. *See Santiago*, 2016 WL 5395837, at *1. Accordingly, Petitioner's objection is overruled.

## CONCLUSION

Upon due consideration, Petitioner's objection to the R&R is overruled and the R&R is adopted in full. Accordingly, Petitioner's Motion for default judgment is granted and Petitioner is awarded $4,526.62, plus $781.76 in interest as of August 9, 2018 (the date of the R&R), and an additional $1,030.00 in attorneys' fees and costs. Respondent also is liable for any additional amount owed in prejudgment interest that accrued from August 9, 2018, until the entry of judgment, along with postjudgment interest pursuant to 28 U.S.C. § 1961.

SO ORDERED.

DATED: Brooklyn, New York
September 28, 2018

/s/
DORA L. IRIZARRY
Chief Judge